|   |   |
|---|---|
| JORDAN CORCHON,<br><br>                Petitioner,<br><br>v.<br><br>GEORGE JAIME, Warden,<br><br>                Respondent. | Case No.: 19cv1015-LAB (LL)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS FEDERAL HABEAS ACTION [ECF No. 7]** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Jordan Corchon (hereinafter "Petitioner"), is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his San Diego County Superior Court convictions of assault with a deadly weapon and hit and run resulting in injury, with enhancements for inflicting great bodily injury in the commission of a felony or attempted felony and due to a prior conviction, for which he was sentenced to 12 years in prison. (Id. at 1; see also ECF No. 8-1 at 1.) Petitioner articulates one enumerated ground for relief in the Petition, alleging a due process violation arising from an erroneous jury instruction concerning the mental state required for assault and assault with a deadly weapon. (ECF No. 1 at 5.) Respondent has filed a motion to dismiss which asserts "[i]t appears that it is premature for this Court to adjudicate Petitioner's claims because he has a state habeas petition pending in the California Supreme Court." (ECF No. 7 at 1, citing ECF Nos. 8-11, 8-12.)

Respondent has also lodged portions of the state court record. (ECF No. 8.) For the reasons discussed below, Respondent's motion to dismiss is **DENIED**.

## I. PROCEDURAL HISTORY

On September 22, 2017, Petitioner was sentenced to 12 years in prison as a result of convictions suffered on February 22, 2017 for assault with a deadly weapon pursuant to California Penal Code section 245(a)(1) and hit and run resulting in injury pursuant to California Vehicle Code section 20001(a), with enhancements pursuant to California Penal Code section 12022.7(a) for inflicting great bodily injury in the commission of a felony or attempted felony and pursuant to California Penal Code sections 667(a), 668 and 1192.7(c) due to a prior conviction. (ECF No. 8-1.)

On January 23, 2018, Petitioner appealed, raising a single claim alleging instructional error. (ECF No. 8-2.) In an opinion filed on July 5, 2018, the California Court of Appeal rejected the claim of instructional error and affirmed the judgment. (ECF No. 8-4.) Petitioner filed a petition for review in the California Supreme Court raising the same claim (ECF No. 8-5), which was denied in an order dated September 12, 2018, that stated in full: "The petition for review is denied." (ECF No. 8-6.)

On March 5, 2019, Petitioner constructively filed a habeas petition in the San Diego County Superior Court.[1] (ECF No. 8-7.) The superior court construed that petition as alleging "habeas relief should be granted based on three grounds: (1) false evidence was illegally introduced at trial; (2) denial of his federal constitutional right to a fair trial; and (3) ineffective assistance of trial and appellate counsel," and "also argues that Penal Code section 1118.1 is unconstitutionally vague." (ECF No. 8-8 at 2.) On April 16, 2019, the superior court denied the petition on the merits and, alternately, pursuant to In re Dixon,

---

[1] While the habeas petition is filed-stamped March 8, 2019, the constructive filing date for federal habeas purposes is March 5, 2019, the date Petitioner mailed it to the state court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) ("Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court.")

41 Cal.2d 756, 759 (1953), because Petitioner could have, but did not, raise the claims on direct appeal. (Id. at 3-9.) Petitioner thereafter filed a notice of appeal and objections to the superior court's ruling in the state appellate court, again asserting ineffective assistance of trial and appellate counsel and that false evidence was presented at trial in violation of his right to a fair trial; in an order filed on June 7, 2019, the state appellate court construed the filing as a petition for writ of habeas corpus and denied it, primarily indicating that Petitioner failed to state a prima facie claim for relief. (ECF Nos. 8-9, 8-10.)

Petitioner filed the instant federal habeas petition in this Court on May 31, 2019. (ECF No. 1.) On November 19, 2019, Respondent filed the instant motion to dismiss. (ECF No. 7.) The Court set a deadline of February 5, 2020 for an opposition to any motion to dismiss. (See ECF No. 5.) Petitioner has not responded.

On August 1, 2019, after commencement of Petitioner's instant federal habeas proceedings, Petitioner also constructively filed a petition for writ of habeas corpus in the California Supreme Court, raising claims of third party culpability, false evidence, Brady violations, actual innocence and referred to the claims raised in the prior habeas petitions. (ECF No. 8-11.) Petitioner also noted that "petitioner is in the federal district court with issues from direct appeal." (Id. at 6.) The state habeas petition remains pending.[2] (See Case No. S257418 at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, last visited March 2, 2020.)

///
///
///

---

[2] Respondent states that "[t]o date, the court has yet to rule on the petition," and cites to lodgment number 12. (ECF No. 7 at 3, n.1, citing ECF No. 8-12.) The cited lodgment is from an unrelated civil case pending in the Northern District of California bearing the same case number as the instant case and appears to have been lodged in error. In any event, as noted above, the California Supreme Court's electronic docket reflects that Petitioner's state habeas petition remains pending before that court.

## II. DISCUSSION

Respondent moves to dismiss the instant action, contending that "it is premature for this Court to review Corchon's collateral attack on his conviction before the California Supreme Court has an opportunity to adjudicate the claims raised in his state habeas petition," and cites Younger v. Harris, 401 U.S. 37 (1971) in support of his contention. (ECF No. 7 at 3.) Respondent contends that "[o]n its face it would appear that Corchon is raising only one claim in the Petition, i.e., a claim of instructional error similar to that raised on direct appeal," but that "liberally construed, it appears that Corchon also means to raise claims that false evidence was presented at trial, he was denied a fair trial, and that trial and appellate counsel were ineffective, as he raised in the habeas petitions filed in the state superior and appellate courts, and which he concedes are unexhausted," and "[t]o that extent, technically, the Petition is mixed." (Id. at 3, citing ECF No. 1 at 12.) Respondent also argues that "Corchon's pending state habeas petition may render his federal constitutional claims moot," citing several district court cases and Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). (Id. at 4.)

In Younger, the Supreme Court noted "the fundamental policy against federal interference with state criminal prosecutions," reiterated "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," and stated that such intervention "could be proper only under very special circumstances." Younger, 401 U.S. at 45-46. In Sherwood, the Ninth Circuit stated that: "When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood, 716 F.3d at 634 (footnote omitted). However, the Ninth Circuit has since clarified that "Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013), citing Sherwood, 716 F.2d at 634; see also Phillips v. Vasquez, 56 F.3d 1030, 1038 (9th Cir. 1995) (Kleinfeld,

J., concurring) ("The [Younger] doctrine generally bars habeas corpus petitions in federal court even where the conviction has been affirmed through all available levels of direct review in the state courts, so long as finality has not been achieved regarding the sentence."); see also Page v. King, 932 F.3d 898, 902 (9th Cir. 2019) ("Where . . . 'no final judgment has been entered' in state court, the state court proceeding is 'plainly ongoing' for purposes of Younger."), quoting San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1093 (9th Cir. 2008). In this case, Petitioner's direct appeal is concluded, his judgment affirmed, and the only pending matter in state court is a post-conviction habeas petition.[3] (See ECF Nos. 8-4, 8-6, 8-11.) Accordingly, in view of Ninth Circuit authority, the Court is not persuaded that Younger abstention is appropriate.

As pleaded, the instant Petition contains one claim, in which Petitioner asserts: "The trial court instructed the jury regarding the mental state required to committ [sic] an assault and-assault with a deadly weapon pursuant to a version of CalCrim No.#875, a standard a [sic] jury instruction concerning assault and assault with a deadly weapon, errors pertaining to jury instructions-in count one based on driving his vehicle at the victim. The instruction was based on. [sic] negligent conduct." (ECF No. 1 at 5.) Petitioner indicated that he raised this issue on direct appeal in the state appellate court, which affirmed the judgment, and sought review of that decision in the California Supreme Court, which was denied. (Id. at 2-3.) Under "Ground Two" and subsequent grounds listed in the habeas petition,

---

[3] The two other cases Respondent primarily relies upon in support of his abstention argument, Roberts v. DiCarlo, 296 F.Supp.2d 1182 (C.D. Cal. 2003) and Theriault v. Lamb, 377 F.Supp. 186 (D. Nev. 1974), are readily distinguishable from Petitioner's case due to the differences in their procedural postures. (See ECF No. 7 at 3-4.) In Roberts, the district court found Younger abstention applicable, noting in particular that "petitioner's direct appeal in California state court is 'ongoing' in that petitioner was awaiting the state court of appeal's decision at the time he filed the Petition." Roberts, 296 F.Supp.2d at 1185. Meanwhile, Theriault involved petitioners who were being held in jail awaiting trial on a murder indictment, and again, the district court dismissed the federal petition based on abstention. Theriault, 377 F.Supp. at 187, 190.

Petitioner has written "none." (See id. at 7-10.) With respect to relief sought, Petitioner asks: "That the court issue and grant this writ of habeas corpus and issue relief by grant and order the trial courts to hold a new trial, with the proper jury instructions, permitting the defendant to have a fair trial." (ECF No. 1 at 15.) Respondent does not appear to contest that this claim of instructional error is similar to a claim raised and rejected on direct appeal. (See ECF No. 7 at 7, citing ECF No. 1 at 5.)

"Prisoner *pro se* pleadings are given the benefit of liberal construction." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010), citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, the Court is disinclined at this time to simply construe the pending federal Petition as raising multiple claims when a plain reading of the Petition reflects that Petitioner articulates one ground for relief, and indicates "none" under each subsequent potential ground for relief. (See ECF No. 1 at 7-10.) The form Petition submitted in this case apprised that "[t]o proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court" and additionally cautioned that "if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date." (Id. at 5.) Nor does Respondent contend in the instant motion to dismiss that the Petition should be dismissed for a failure to exhaust, arguing only for dismissal on abstention grounds.[4] (See ECF No. 7 at 3-4.)

At the same time, the Court recognizes that it appears Petitioner may anticipate a later likelihood of raising additional claims in federal court. As Respondent correctly observes, Petitioner indicates in the pending federal Petition that he also has other claims

---

[4] If Respondent intended to argue Petitioner failed to exhaust state remedies, such contentions should have been explicitly raised in the instant motion to dismiss. Indeed, the Court instructed that "[t]he motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted," and specifically included as an example "because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition." (ECF No. 5 at 2.)

pending in state court alleging "false evidence, I.A.C. on trial and appellate attorneys, and right to a fair trial," and states that: "This appeal noe [sic] before the courts with the one claim is timely and within the one-year timeframe, petitioner is now coming through the lower courts with on [sic] supplemental issues," noting that "petitioner is in pro per status, and these issues were not raised by the appellate attorney." (ECF No. 1 at 12-13.) While it appears to the Court that Petitioner is only raising one ground for relief in the instant Petition and it is evident the form Petition submitted in this case informed Petitioner of the possibility that the failure to raise all claims could bar the future presentation of supplemental claims, the Court will in an abundance of caution again apprise Petitioner that if he fails to raise all grounds for relief in this Petition, he may lose the ability to later raise those unpresented claims in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (explaining that a decision to proceed in federal court only on exhausted claims may result in the dismissal of any later petition as second and successive); see also 28 U.S.C. § 2244(a)-(b). In any event, again, Respondent did not argue that the pending Petition should be dismissed for lack of exhaustion. (See ECF No. 7.)

### III. CONCLUSION AND ORDER

For the reasons discussed above, Respondent's motion to dismiss [ECF No. 7] based on abstention is **DENIED**.

Respondent must file and serve an answer to the Petition, and a memorandum of points and authorities in support of such answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **May 5, 2020** and at the time the answer is filed, must also lodge with the Court all records bearing on the merits of Petitioner's claim in accordance with the directions outlined in the Court's October 30, 2019 Order. (See ECF No. 5 at 2-3.)

Petitioner may file a traverse to matters raised in the answer no later than **June 5, 2020**. As previously directed in the October 30, 2019 Order: "Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition. Grounds

for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown." (<u>Id.</u> at 3.)  All other instructions and deadlines, such as those for requesting an extension of time, remain as outlined in the October 30, 2019 Order.  (<u>See</u> <u>id.</u>)

**IT IS SO ORDERED.**

Dated: March 9, 2020

*Larry A. Burns*

Hon. Larry Alan Burns
Chief United States District Judge