UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN CORCHON,<br><br>                         Petitioner,<br><br>v.<br><br>GEORGE JAIME, Warden,<br><br>                        Respondent. | Case No. 3:19-cv-01015-LAB-LL<br><br>**ORDER:**<br><br>**1) DENYING PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**2) DENYING CERTIFICATE OF APPEALABILITY** |

**I. INTRODUCTION**

      Petitioner Jordan Corchon is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). Corchon challenges his conviction for assault with a deadly weapon and hit and run with injury San Diego Superior Court case no. SCD268564. The Court has read and considered the Petition, [ECF No. 1], the Answer and Memorandum of Points and Authorities in Support of the Answer [ECF No. 4, 4-1], the lodgments and other documents filed in this case, and the legal arguments presented by both parties. For the reasons discussed below, the Court **DENIES** the Petition and **DISMISSES** the case with prejudice. The Court also **DENIES** a Certificate of Appealability.

/ / /

## II. FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (West 2006); *see also Parle v. Fraley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The state appellate court found the facts as follows:

> On September 27, 2014, Corchon participated in a physical altercation outside of a grocery store. After a man tried to break up the altercation, Corchon ran to his car. Corchon proceeded to drive his car into the man before driving away. The man suffered injuries to his back, a broken tibia, fibula, and a damaged rotator cuff.

(Lodgment No. 4, ECF No. 8-4 at 2-3.)

## III. PROCEDURAL BACKGROUND

On February 15, 2017, the San Diego County District Attorney's Office filed an Amended Information charging Jordan Corchon with one count of assault with a deadly weapon, a violation of California Penal Code § 245(a)(1) (count one), and one count of hit and run with injury, a violation of California Vehicle Code § 20001(a) (count two). (Lodgment No. 12, ECF No. 11-2 at 11-12.) As to count one, the Amended Information alleged that Corchon personally used a dangerous and deadly weapon (a car) within the meaning of California Penal Code § 1192.7(c)(23), personally inflicted great bodily injury upon the victim, within the meaning of California Penal Code §§ 12022.7(a) and 1192.7(c)(8) (*Id.*) The Amended Information also alleged Corchon had suffered a prior conviction for a serious felony, within the meaning of California Penal Code §§ 667(a)(1), 668, and 1192.7(c), and a prior "strike" conviction, within the meaning of California Penal Code §§ 667 (b) through (i), 1170.12, and 668. (*Id.*) Following a jury trial, Corchon was convicted of both counts in the Amended Information and the jury found all the allegations to be true. (*Id.* at 120-22.) Corchon was sentenced to twelve years in prison. (*Id.* at 87-88.)

Corchon appealed his conviction to the California Court of Appeal, which affirmed his conviction in a written opinion. (Lodgment No. 4, ECF No. 8-4.) Corchon then filed a petition for review in the California Supreme Court, which the court summarily denied. (Lodgment Nos. 5-6, ECF Nos. 8-5–8-6.)

Corchon next filed a petition for writ of habeas corpus in San Diego Superior Court. (Lodgment No. 7, ECF No. 8-7.) The superior court denied the petition in a written opinion. (Lodgment No. 8, ECF No. 8-8.) Corchon then filed a petition for writ of habeas corpus in the California Court of Appeal, which the court denied in a written opinion. (Lodgment Nos. 9-10, ECF Nos. 8-9–8-10.) Finally, Corchon filed a petition for writ of habeas corpus in the California Supreme Court, which was summarily denied. (Lodgment No. 11, ECF No. 8-11.)[1]

Corchon filed a Petition for Writ of Habeas Corpus in this Court on May 31, 2019. (ECF No. 1.) Respondent filed a Motion to Dismiss on November 19, 2019, arguing that this Court should abstain from adjudicating Corchon's Petition pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) because a liberal construction of Corchon's Petition indicated Corchon appeared to be raising not only the jury instruction claim identified as ground one but also three other claims he noted he was currently pursuing in state court on collateral review, namely introduction of false evidence, denial of a fair trial, and ineffective assistance of trial and appellate counsel. (ECF No. 7; ECF No. 1 at 12-13.) The Court denied the motion on March 9, 2020, concluding that *Younger* did not apply. (ECF No. 9 at 4-5.) The Court also noted that contrary to Respondent's interpretation that the petition raised additional claims, Corchon wrote "none" in the sections of the Petition provided for grounds two through four and the relief he requested was a "new trial with the proper jury

---

[1] The document Respondent has lodged as Lodgment No. 12 is not the "Docket Sheet of California Supreme Court case S257418," but rather a docket sheet from *Love v. Wah Mei School et al.*, a civil Americans With Disabilities Act case from the United States District Court for the Northern District of California, case no. 19cv1015. Nevertheless, the Court has confirmed that Corchon's habeas corpus petition was summarily denied by the California Supreme Court. *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2318272&doc_no=S26/2117&request_token=NiIwLSEmXkg9W1AtSCNdTEJIQFw0UDxTJSI%2BQztSQCAgCg%3D%3D)

instructions." (ECF No. 9 at 6; ECF No. 1 at 15.) The Court directed Respondent to file an Answer, which was filed on May 4, 2020. (ECF Nos. 8-10.)

On August 19, 2020, Corchon filed a new habeas corpus petition in this case which raised two new claims which were not contained in his original Petition either as named grounds (jury instruction error) or as grounds he was pursuing on collateral review in state court (introduction of false evidence, denial of a fair trial, and ineffective assistance of trial and appellate counsel). (ECF No. 15.) Because it was not entirely clear what Corchon intended, the Court construed the document as a motion to amend the Petition and set a briefing schedule. Corchon was to file a response to the Court's order no later than October 23, 2020, explaining how he wished to proceed with his case. (ECF No. 19.) Dates were set for Respondent's response and Corchon's reply as well. (*Id.*) Corchon has not filed any additional documents with the Court.

## IV. ANALYSIS

### A. Legal Standard

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. See *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or

if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id*. Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The Court may also grant relief if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

B. <u>Discussion</u>

Corchon raises a single claim in his Petition. He alleges that the trial court improperly instructed the jury regarding the intent necessary to find him guilty of assault with a deadly weapon. (Pet., ECF No. 1 at 5.) Respondent contends the claim does not present a federal question this Court can address on federal habeas corpus review, and, in the alternative, the state court's denial of the claim was neither contrary to, nor an

unreasonable application of, clearly established Supreme Court law. (Answer, ECF No. 10-1.)

Corchon raised this claim in the petition for review he filed in the California Supreme Court on direct review. (Lodgment No. 5, ECF No. 8-5.) The California Supreme Court summarily denied the petition. (Lodgment No. 6, ECF No. 8-6.) Accordingly, this Court must "look through" to the last reasoned state court decision denying Corchon's claim as the basis for analysis. *Ylst*, 501 U.S. at 805-06. That court wrote:

> The trial court instructed the jury regarding the mental state required to commit an assault pursuant to a version of CALCRIM No. 875, a standard jury instruction concerning assault and assault with a deadly weapon. Corchon acknowledges that CALCRIM No. 875 is premised on the Supreme Court's decision in *People v. Williams* (2001) 26 Cal.4th 779 (*Williams*), but argues that *Williams* "erroneously defined the mental state required for assault. . . ."
>
> Corchon concedes that this court is bound by *Williams* pursuant to *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455-456, but states that he raises the claim in this court in order "to preserve his right to petition the Supreme Court to reconsider [*Williams*]."
>
> We accept Corchon's concession that binding Supreme Court precedent precludes him from prevailing on his instructional claim in this court. Thus, we need not address the merits of Corchon's criticisms of the Williams decision in this opinion.
>
> Accordingly, we conclude that the trial court properly instructed the jury regarding the mental state required to commit an assault.

(Lodgment No. 8, ECF No. 8-4 at 4-5.)

As Respondent notes, claims involving a state court's interpretation of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); 28 U.S.C. § 2254(d). Thus, to the extent Corchon contends the jury instructions violated state law, he is not entitled to relief. *Estelle*, 502 U.S. at 67. Moreover, as the state appellate court noted, Corchon acknowledged CALCRIM No. 875 is an accurate statement of California law. (Lodgment No. 8, ECF No. 8-4 at 4-5.)

///

To the extent Corchon states a federal due process claim, the United States Supreme Court has placed "an 'especially heavy' burden on a defendant who . . . seeks to show constitutional error from a jury instruction that quotes a state statute." *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977) (internal quotation marks omitted)).  The *Waddington* court went on to note:

> Even if there is some "ambiguity, inconsistency, or deficiency" in the instruction, such an error does not necessarily constitute a due process violation. *Middleton*, *supra*, at 437, 124 S.Ct. 1830. Rather, the defendant must show both that the instruction was ambiguous and that there was "'a reasonable likelihood'" that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. *Estelle*, *supra*, at 72, 112 S.Ct. 475 (quoting *Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)).

*Id.* at 190-91.

Corchon was charged with assault with a deadly weapon, a violation of California Penal Code §§ 245(a)(1). (Lodgment No. 13, ECF No. 11-2 at 11-13.)  The elements of the crime of assault are: "(1) [the defendant] willfully committed an act which by its nature would probably and directly result in injury to another and (2) [the defendant] was aware of facts that would lead a reasonable person to realize that a battery would directly, naturally, and probably result from [his] conduct." *People v. White*, 241 Cal. App. 4th 881, 884 (2015) (citing *People v. Williams* 26 Cal. 4th 779, 788, 790 (2001)); *see also People v. Navarro* 212 Cal. App. 4th 1336, 1345 (2013) (noting that *Williams* held that while a defendant may not be convicted based on facts he did not know but should have known, [he] . . . need not be subjectively aware of the risk that a battery might occur"); *Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993) (holding that federal courts are "bound by a state court's construction of its own penal statutes")

As the state court noted, the instruction given for the assault charge, CALCRIM No. 875, was a standard CALCRIM jury instruction. (Lodgment No. 8, ECF No. 8-4 at 4-5; Lodgment No. 13, ECF No. 11-2 at 50.)  It accurately described the mental state required

to prove Corchon was guilty of assault with a deadly weapon, a violation of California Penal Code § 245(a)(1):

> To prove that the defendant is guilty of this crime, the People must prove:
>
> 1. The defendant did an act with a deadly weapon other than a firearm that by its nature would directly and probably result in the application of force to a person, and
>
> 2. The defendant did that act *willfully*;
>
> 3. When the defendant acted, *he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone*; AND
>
> 4. When the defendant acted, he had the present ability to apply force likely to produce great bodily injury;
>
> Someone commits an act willfully when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage.
> The terms application of force and apply force mean to touch in a harmful or offensive manner. The slightest touching can be enough if it is done in a rude or angry way. Making contact with another person, including through his or her clothing, is enough. The touching does not have to cause pain or injury of any kind.
>
> The People are not required to prove that the defendant actually touched someone.
>
> The People are not required to prove that the defendant actually intended to use force against someone when he acted.
>
> No one needs to actually have been injured by defendant's act. But if someone was injured, you may consider that fact, along with all the other evidence, in deciding whether the defendant committed an assault, and if so, what kind of assault it was.
>
> Voluntary intoxication is not a defense to assault.

(Lodgment No. 13, ECF No. 11-2 at 50-51.)

There is no "ambiguity, inconsistency, or deficiency" in the instruction given at Corchon's trial and thus there was no error. The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *Bell*, 535 U.S. at 694. Nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Accordingly, Corchon is not entitled to relief as to this claim.

## V. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. Rule 11 of the Rules Following 28 U.S.C. § 2254 require the District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254 (West 2019). A COA will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (West 2019); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes Corchon has not made the required showing, and therefore a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

Dated: February 17, 2021

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge